**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**NO. 03-60288**
_____

**RAZA AKHTAR ZAIDI,**

**Petitioner,**

**versus**

**JOHN ASHCROFT,
United States Attorney General,**

**Respondent.**

_____

**Petition for Review of an Order
of the Board of Immigration Appeals**
_____

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

This appeal raises the question whether a conviction for sexual battery under Oklahoma law constitutes a "crime of violence," as defined in 18 U.S.C. § 16(b) and incorporated in the immigration laws, sufficient to deport the petitioner. Because we hold that it does, we lack jurisdiction and dismiss the petition.

### I. BACKGROUND

Raza Zaidi is a 27-year-old native and citizen of Pakistan who was admitted into the United States as a non-immigrant student in August 2000. In June 2002, Zaidi pled nolo contendere to two counts of sexual battery in Oklahoma. Zaidi was given a

suspended sentence of two years for each count, to run concurrently. The sexual battery charges arose from a night of drinking during which Zaidi touched two women inappropriately through their clothing while the women were either passed out or partially awake in a dorm room at Southeast Oklahoma State University.

A few months later, Zaidi appeared at the Houston office of the Department of Homeland Security ("DHS")[1] to comply with the registration obligations put in place for certain non-U.S. citizens in the aftermath of September 11, 2001. Upon processing, Zaidi was issued a Notice of Intent to Issue a Final Administrative Removal Order based on his prior conviction. On March 6, 2003, a Final Administrative Removal Order was served upon Zaidi, ordering him to be removed to Pakistan. Zaidi now petitions this court for review of the removal order.

## II. DISCUSSION

### A. Standard of Review

The key question before the court is whether Zaidi's conviction for sexual battery constitutes an aggravated felony such that this court is deprived of jurisdiction to review the final removal order. See 8 U.S.C. § 1252(a)(2)(C) (2000) ("Notwith-

---

[1] All references to the Department of Homeland Security or the Bureau of Immigration and Customs Enforcement ("BICE") refer to the agency formerly known as the Immigration and Naturalization Service ("INS"). As of March 1, 2003, the INS's administrative, service, and enforcement functions were transferred from the Department of Justice to the new Department of Homeland Security. The Bureau of Immigration and Customs Enforcement in the Department of Homeland Security assumed the INS's detention, removal, enforcement and investigative functions.

standing any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . ."); 8 U.S.C. § 1227(a)(2)(A)(iii) (2000) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001) ("Congress has specifically commanded in 8 U.S.C. § 1252(a)(2)(C) that no court has jurisdiction to review deportation orders for aliens who are removable because they were convicted of aggravated felonies."). This court reviews questions of jurisdiction de novo. Nehme, 252 F.3d at 420.

**B.    "Sexual Battery" as a "Crime of Violence"**

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), this court retains jurisdiction to review jurisdictional facts. Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000). Specifically, this court always has jurisdiction to determine whether the petitioner is an alien who is deportable for committing an offense that bars this court's review. Smalley v. Ashcroft, 354 F.3d 332, 335 (5th Cir. 2003) (citing Nehme, 252 F.3d at 420).

Thus, this court must consider whether Zaidi's conviction for sexual battery under Oklahoma law constitutes an aggravated

3

felony under 8 U.S.C. § 1227(a)(2)(A)(iii).  The term "aggravated felony" is defined for the purposes of the immigration statutes in 8 U.S.C. § 1101(a)(43) and includes a variety of offenses.  See 8 U.S.C. § 1101(a)(43) (2000).  Zaidi first argues that he cannot be removed from the United States because the original federal charging documents indicated that he had committed a specified aggravated felony within the definition contained in § 1101(a)(43)(A), which encompasses "murder, rape, or sexual abuse of a minor."  See 8 U.S.C. § 1101(a)(43)(A) (2000).

This argument is without merit.  This court has held that "[w]hat the [government] originally charged is of no consequence; so long as the alien in fact is removable for committing an aggravated felony, this court has no jurisdiction, irrespective of whether the [government] originally sought removal for that reason."  Lopez-Elias, 209 F.3d at 793 (emphasis added).[2]  In

_____

[2]    In his reply brief before this court, Zaidi argues that Lopez-Elias should not apply to his petition because in that case, the petitioner was removed under the standard removal process, whereas here, Zaidi was removed under the expedited procedure contained in 8 U.S.C. § 1228(b).  This is incorrect.  As we note above, any dispute that relates to the jurisdiction of this court may be addressed before dismissal under the jurisdiction-stripping provision of § 1252(a)(2)(C).  Nehme, 252 F.3d at 420.  This is true regardless of whether the underlying removal proceeding was expedited.  Once this court has determined that an alien is, in fact, removable for having committed an aggravated felony, this court is stripped of jurisdiction.  Id. at 433.

Zaidi's only claim here is that he was not given reasonable notice of the charges against him because the INS initially charged him with removability under the wrong provision of § 1101(a)(43).  We agree with the Third Circuit's view that an "erroneous citation in the order of removal cannot surmount the jurisdictional restriction in INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C)," and note that our court's approach in Lopez-Elias is consistent with this view.  Bovkun v. Ashcroft, 283 F.3d 166, 169 (3rd Cir. 2002) (reviewing a removal order issued pursuant to expedited procedure contained in § 1228(b)).  Here, the error was not even in the ultimate order of removal, but only in the initial charging papers.  Zaidi does not dispute that he was convicted of sexual

4

addition, in this case, the final order requiring Zaidi to be deported contains a factual finding made by the deporting officer that Zaidi had "a final conviction for an aggravated felony as defined by section 101(a)(43) of the [Immigration and Naturalization] Act, 8 U.S.C. [§] 1101(a)(43) . . . ." This finding does not specify which subsection of § 1101(a)(43) Zaidi was found to have violated. Thus, the court must determine whether Zaidi's prior conviction falls within any of the specific definitions contained in § 1103(a)(43).

The definition of aggravated felony contained in 8 U.S.C. § 1103(a)(43) includes "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F) (2000). Title 18 of the U.S. Code, in turn, defines a "crime of violence" as:

(a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

battery under Oklahoma law, nor does he argue that he has been deprived of the opportunity to contest the INS's determination that he is removable based on this conviction. Zaidi has presented no evidence to this court that the improper citation contained in the initial notice prejudiced him during the expedited removal proceeding. In addition, review in this court provides Zaidi with the opportunity to argue that his conviction does not render him removable under the immigration laws. As a result, we need only determine whether Zaidi is properly removable, and if so, we lack jurisdiction over the petition under § 1252(a)(2)(C).

5

18 U.S.C. § 16 (2000).

To determine whether an alien has committed an aggravated felony that renders him deportable, courts apply the categorical approach and look primarily to the text of the statute violated. Lopez-Elias, 209 F.3d at 791; see also United States v. Allen, 282 F.3d 339, 343 (5th Cir. 2002); United States v. Landeros-Gonzalez, 262 F.3d 424, 426 (5th Cir. 2001). At the time of Zaidi's conviction, Oklahoma law provided that:

> No person shall commit sexual battery on any other person. "Sexual battery" shall mean the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner and without the consent of that other person . . . .

OKLA. STAT. ANN. TIT. 21, § 1123(B) (WEST 2002).[3]

Zaidi's principal argument is that this statute may be violated in a variety of ways, including through the intentional, but "nonviolent," physical touching of another, so long as the touching is lewd and lascivious. Specifically, Zaidi points to the facts of his case, which, he suggests, indicate that while he inappropriately touched the women without their consent, he did not use any "destructive or violent force" in doing so. As a result, Zaidi argues that while his conduct was criminal and deserving of punishment under Oklahoma law, it should not be considered a "crime

---

[3] The statute also provided that "[a]ny person convicted of any violation of this subsection shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary for not more than five (5) years." OKLA. STAT. ANN. TIT. 21, § 1123 (WEST 2002).

of violence" sufficient to serve as a predicate offense for his deportation. The government, for its part, argues that Zaidi's conviction comes within both definitions of a crime of violence under 18 U.S.C. § 16 because the Oklahoma offense of sexual battery has "as an element the use . . . of physical force against the person . . . of another" and because a violation of the statute, by its nature, also presents "a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense."

The Tenth Circuit recently held that the Oklahoma sexual battery statute may serve as a predicate offense for the crime of violence enhancement contained in Section 4B1.2 of the United States Sentencing Guidelines. See United States v. Rowland, 357 F.3d 1193, 1195-98 (10th Cir. 2004). In that case, the Tenth Circuit held that sexual battery, by its nature, presents a serious potential risk of injury to another. Id. at 1198. In this case we confront a different standard — whether the offense of sexual battery under Oklahoma law creates a substantial risk that physical force may be used against another.[4] We have little difficulty in concluding that it does.

---

[4] See, e.g., United States v. Chapa-Garza, 243 F.3d 921, 925 (5th Cir. 2001) (contrasting conduct that involves "a serious risk of physical injury" with conduct that presents "a substantial risk that the defendant will use physical force against another's person"). In Rowland, the Tenth Circuit does, however, discuss the risk of physical force being used in such cases. See 357 F.3d at 1197. As discussed infra, we agree with the Tenth Circuit that sexual battery inherently carries with it a risk that physical force will be used in the commission of the offense.

7

In <u>Rowland</u>, the Tenth Circuit noted that a conviction under the Oklahoma statute presupposes "the intentional sexual touching of another with a particular mental state and without consent" and held that such a touching "represents a particular subset of battery." <u>Id.</u> at 1197 (quoting Okla. Stat. Ann. tit. 21, § 642). Further, "[b]ecause the statute at issue here presupposes a lack of consent, it necessarily carries with it a risk of physical force." <u>Id.</u> By analogy, we believe that the risk that physical force will be used to complete the offense of sexual battery is substantial. <u>See</u> <u>also</u> <u>Sutherland v. Reno</u>, 228 F.3d 171, 176 (2nd Cir. 2000) (indecent assault and battery under Massachusetts law qualified as a crime of violence because "any violation of [the Massachusetts statute], by its nature, presents a substantial risk that force <u>may</u> be used to overcome the victim's lack of consent and accomplish the indecent touching") (emphasis in original). In holding that sexual battery through deception under Ohio law is a crime of violence, the Sixth Circuit expressed a similar view, noting that such an offense "carries with it the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint." <u>See</u> <u>United States v. Mack</u>, 53 F.3d 126, 128 (6th Cir. 1995). In all such cases, "the non-consent of the victim is the touchstone for determining" whether a given offense involves a substantial risk

8

that physical force may be used in the commission of the offense. Sutherland, 228 F.3d at 177.

Because the Oklahoma offense of sexual battery is a crime of violence under 18 U.S.C. § 16(b), Zaidi's offense qualifies as a crime of violence within the meaning of 8 U.S.C. § 1103(a)(43) and an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).[5] Under the last-cited statute, this court lacks jurisdiction to review the final order of removal issued by the Department of Homeland Security. See 8 U.S.C. § 1252(a)(2)(C) (2000).

The petition is **DISMISSED** for lack of jurisdiction.

---

[5] Because we find that Zaidi's conviction constitutes a crime of violence under § 16(b), we decline to address whether the offense qualifies as a crime of violence under § 16(a).

9