# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60159

ELIDIO ROBLES

Petitioner

v.

ERIC H. HOLDER, JR., Attorney General of the United States

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
A90 168 296

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Elidio Robles ("Robles") petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ") ordering him removed from the United States. Robles argues that his conviction under CALIFORNIA PENAL CODE § 289(d) does not constitute a "crime of violence" under 18 U.S.C. § 16(b), and therefore is not an aggravated felony. We disagree, and find that a violation of § 289(d) is a crime of violence. We therefore lack jurisdiction to consider this appeal and dismiss Robles's petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Robles is a native and citizen of Mexico, and became a lawful permanent resident in 1989. In 2000, Robles pleaded *nolo contendere* in a California court and was later adjudged guilty of violating CALIFORNIA PENAL CODE § 289(d). That provision states:

> (d) Any person who commits an act of sexual penetration, and the victim is at the time unconscious of the nature of the act and this is known to the person committing the act or causing the act to be committed, shall be punished by imprisonment in the state prison for three, six, or eight years. As used in this subdivision, "unconscious of the nature of the act" means incapable of resisting because the victim meets one of the following conditions:
>> (1) Was unconscious or asleep.
>> (2) Was not aware, knowing, perceiving, or cognizant that the act occurred.
>> (3) Was not aware, knowing, perceiving, or cognizant of the essential characteristics of the act due to the perpetrator's fraud in fact.

CAL. PENAL CODE § 289(d) (2000).

In 2007, Robles was charged with removability for conviction of an aggravated felony, that is, rape, under 8 U.S.C.A § 1227(a)(2)(A)(iii) (2006). Robles filed a motion to terminate the removal proceedings, and argued that a violation of the California statute did not constitute rape. The Department of Homeland Security opposed the motion, and filed a new charge that Robles was removable as his conviction under § 289(d) constituted a crime of violence. The IJ found this charge to be true and ordered Robles removed. Robles asked to brief the question of whether his conviction was for a crime of violence, which request was denied by the IJ.

Robles appealed to the BIA. The BIA issued an order affirming the order of the IJ and dismissing Robles's appeal. The BIA concluded that Robles's prior offense was an aggravated felony because it constituted a crime of violence. Robles now seeks a petition for review from this court. He argues that his

conviction under § 289(d) is not for a crime of violence and also that his due process rights were violated by the IJ's denial of his briefing request.

## II. DISCUSSION

### A. Standard of Review

The jurisdiction of this court in hearing petitions for review is determined *de novo*. *Nehme v. I.N.S.*, 252 F.3d 415, 420 (5th Cir. 2001). "Congress has specifically commanded in 8 U.S.C. § 1252(a)(2)(C) that no court has jurisdiction to review deportation orders for aliens who are removable because they were convicted of aggravated felonies." *Id.*; *See Zaidi v. Ashcroft*, 374 F.3d 357, 358 (5th Cir. 2004). However, "this court always has jurisdiction to determine whether the petitioner is an alien who is deportable for committing an offense that bars this court's review." *Zaidi*, 374 F.3d at 359. Thus, the jurisdictional question of whether this court may hear Robles's petition must be answered by this court. "[T]he question of whether an offense constitutes an aggravated felony is a purely legal one," and "we review *de novo* whether an offense constitutes an aggravated felony." *Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008)

### B. Determining What Constitutes a "Crime of Violence"

Any alien who is convicted of an aggravated felony is deportable. 8 U.S.C.A § 1227(a)(2)(A)(iii). An aggravated felony includes any "crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C.A. § 1101(43)(F). Crime of violence is defined in 18 U.S.C.A. §16:

The term "crime of violence" means--

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Here, the parties agree that the question is limited to whether a violation of § 289(d) is a crime of violence under the terms of § 16(b). "[S]ection 16(b) 'sweeps more broadly' [than § 16(a)] to encompass those crimes that can perhaps be committed without the use of physical force, but that nevertheless always entail a substantial risk that physical force may be used." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 465 (5th Cir. 2006) (citing *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2006)). Section 16(b) "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leocal*, 543 U.S. at 10.

To determine whether an alien has committed an aggravated felony that renders him removable, courts apply a categorical approach, referring to the statutory definition of the crime rather than examining the underlying facts of the offense. *Larin-Ulloa*, 462 F.3d at 463. This prevents courts from having to "relitigate a defendant's prior conviction." *Id.* Courts "look primarily to the text of the statute violated" to determine whether the conviction was for a crime of violence. *Zaidi*, 374 F.3d at 360.

## C. Conviction under CAL. PENAL CODE § 289(d) as Crime of Violence

Robles argues that his conviction under § 289(d), while a felony, does not constitute a crime of violence under § 16(b) because to obtain a conviction under § 289(d), the victim must be "unconscious of the nature of the act" and incapable of resisting, therefore presenting no "substantial risk that physical force will be used." We disagree. That argument does not mean that at the time the offense defined under § 289(d) is committed, there is no substantial risk that physical force will be used. If the victim regains consciousness while the crime is being committed, there is a substantial risk that she will resist and that physical force will be used against her.

Robles also argues that violations of § 289(d) could result from consensual penetration. If the penetration is consensual, there is little likelihood that the victim will resist upon waking or regaining consciousness, thereby creating no substantial risk that physical force will be used. In *Zaidi*, this court determined that a conviction under Oklahoma's sexual battery statute constituted a crime of violence under § 16(b). That statute prohibited the "intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years or older, in a lewd and lascivious manner and without the consent of that other person." OKLA. STAT. ANN. TIT. 21, §1123(B) (West 2002). The court found that the "risk that physical force will be used to complete the offense of sexual battery is substantial," and that the offense was a crime of violence under § 16(b). 374 F.3d at 361. Unlike the Oklahoma statute, § 289(d) does not require the state to prove that the victim did not consent, however, it is hard to imagine a real case where an unconscious victim is considered to have consented. A victim who has not given consent and regains consciousness during the commission of the crime is highly likely to struggle, and presents a substantial risk that physical force will be used.

We need not determine that every possible fact pattern resulting in a violation of § 289(d) presents a substantial risk of physical force. *See James v. United States*, 550 U.S. 192, 208 (2007) (in applying the categorical approach to determine if a crime was a crime of violence under the United States Sentencing Guidelines, the Court noted that "[w]e do not view that approach as requiring that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony."). We only need to look at the "ordinary" violation of § 289(d) to determine if it is a crime of violence. *See Id.* Based on our analysis above, we find that a conviction under § 289(d) is a conviction for a crime of violence as defined in § 16(b).

*D. Robles's Due Process Claims*

Despite limitations on this court's jurisdiction over final orders of removal, we retain the right to review constitutional claims brought before us. § 1252(a)(2)(C). Robles argues that his due process rights were violated by the IJ's refusal to allow him to brief the issue of whether his conviction was for a crime of violence. "The Fifth Amendment requires that aliens subject to removal proceedings be provided due process: '(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard.'" *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005). An alien's right to procedural due process is violated only if he is substantially prejudiced by an immigration court's actions. *Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir. 1986). Robles was provided notice of the crime of violence charge prior to his removal hearing. While he did not have the opportunity to brief this argument before the IJ, he had the opportunity to be heard at the removal hearing before the BIA. He has failed to show any substantial prejudice created by the IJ's denial of his request, and we find his due process claim lacks merit.

## III. CONCLUSION

Because CAL. PENAL CODE § 289(d) describes a crime of violence, Robles's conviction qualifies as an aggravated felony under the terms of 8 U.S.C. §1101(a)(43)(F). This court lacks jurisdiction to review the final order of removal against Robles because he is removable for having committed an aggravated felony. § 1252(a)(2)(C). The petition is therefore DISMISSED for lack of jurisdiction.