EDITH BROWN CLEMENT, Circuit Judge,
dissenting:
The majority concludes that convictions under § 22.011(a)(1) of the Texas Penal Code for circumstances described in sub-parts (b)(9) and (b)(10) are not aggravated felonies. It therefore applies the modified categorical approach, finds that the record does not establish that Rodriguez’s crime of conviction was an aggravated felony, and vacates the BIA order finding him removable. Because I believe that a conviction under § 22.011(a)(1) is categorically for a crime of violence under 18 U.S.C. § 16,1 respectfully dissent.
The majority compares the situations described in (b)(9) and (b)(10) to a DUI that results in personal injury to a third party, which the Supreme Court has held is not a crime of violence under § 16, and burglary, which the Court called “a classic example” of a crime of violence, because “by its nature” it entails a substantial risk that the perpetrator will use force against the victim in completing the crime.[1] Leocal v. Ashcroft, 543 U.S. 1, 10-11, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). It concludes that the sexual assaults criminalized in (b)(9) and (b)(10) are more similar to DUIs than burglaries because “a sexual relationship that a clergyman has gained through exploitation of emotional dependency is not a situation where there is a substantial risk that the offender will use force against the victim to complete the crime.”[2] I believe that under the majority’s analysis this conclusion does not follow. Moreover, I believe that the majority’s analysis itself is incorrect.
Although the majority recognizes that our court has declared that non-consent of the victim is the touchstone for analyzing whether an offense involves a substantial risk of force, see Zaidi v. Ashcroft, 374 F.3d 357, 361 (5th Cir.2004), it purports to draw a new distinction between cases where a victim could factually assent (even though she did not legally consent) and cases like Zaidi, where the victim could not factually assent because she was unconscious. The majority believes that incidents where a victim factually consents do not pose a substantial risk of violence, while incidents involving an unconscious victim pose such a risk because the victim may regain consciousness and resist, leading the offender to use force to overcome that resistance. But the majority’s distinction between factual assent and legal consent becomes contorted when it attempts to reconcile its holding with our precedent. The majority assures us that this circuit’s holding that indecency with a child is a crime of violence remains undisturbed. But a child can factually assent to sexual conduct, even though she does not have the legal capacity to consent.[3] By *217 insisting that its holding today does not undermine any of our previous cases, the majority sets up a rather strange legal rule: If the victim does not factually assent, the offense is a crime of violence. If the victim factually assents but consent is a legal nullity (such as in the case of sexual assault by a clergyman), it is not a crime of violence, unless consent is a nullity because the victim lacks the capacity to give legal consent (such as in the case of indecency with a minor), in which case it is a crime of violence.
This contorted holding masks the real problem with the majority’s conclusion, which is that the majority fails to explain why it believes that those who lack the capacity to consent are more likely to “figure out what’s really going on and decide to resist” after they factually assent than those who have the capacity to consent, but for whom consent is a legal nullity. Because I do not believe that the majority can explain this disparity, I believe that even under the majority’s analysis, § 22.011(b)(9) and (b)(10) describe crimes of violence.
To make non-consensual sexual touching through the clothing of an unconscious individual a “crime of violence” in Zaidi, this court relied on a substantial likelihood of three possibilities: (1) the victim might come to her senses, (2) the victim might decide to resist, and (3) the criminal might then resort to physical restraint. See Zai-di, 374 F.3d at 361. The question raised in the petition is whether a physician or clergyman who manipulates a patient or parishioner into engaging in factually consensual sex based on emotional dependence could run afoul of these three possibilities. The majority does not explain how these three possibilities are not at least plausible in such a context, but instead assumes them away based on the presence of factual assent. However, for the same reasons this court has not permitted an individual convicted of sexual assault of unconscious victims to avoid the crime of violence label, these legally non-consensual sexual relationships also pose a substantial risk of physical restraint.
First, if the case is being prosecuted, the victim of emotional manipulation at some point came to her senses—maybe even during intercourse. Second, because a victim who is manipulated into a factually assented-to relationship is physically conscious of the sexual transaction underway, she could certainly decide to resist in the midst of it. Finally, there is no indication that physicians or clergy are any more or less likely to resort to physical restraint than an assailant who touches the clothed body of an unconscious victim. An argument could even be made that an individual who touches a sleeping or unconscious victim will be deterred and avoid physically restraining such a victim when that victim awakes and decides she does not want to engage in the activity, while the person who manipulates consent will be prone to continue the action even if physical restraint becomes necessary. There is no support for the assertion that emotionally manipulated victims are any less likely to come to their senses and resist than unconscious victims or that physicians and clergymen who manipulate victims are any less likely to resort to physical restraint than other perpetrators. Even under the majority’s analysis, an offender convicted under § 22.011(a)(1) for the circumstances *218 described in (b)(9) or (b)(10) has committed a crime of violence.
More importantly, by focusing only on the risk that the offender may use additional physical force if the victim decides to resist, the majority overlooks the fact that sexual assault is itself intentional physical force. Under the majority’s analysis, a cult leader who persuaded one of his followers to assent to a murder-suicide pact would not be guilty of a crime of violence because there would be little risk that the follower would figure out what is going on and need to be physically restrained before the leader shoots him dead. Unlike burglary, where there is a risk that the offender will use force to facilitate the completion of the crime, the risk in felony sexual assault cases—or murder cases, or any crime of violence against the person— is that the offender will complete the crime. Burglary, “by its nature,” involves a substantial risk of violence against a victim. Leocal, 543 U.S. at 10, 125 S.Ct. 377. Sexual assault, by its nature, involves violence against a victim.[4]
After the Court held in Leocal that a DUI that results in personal injury is not a crime of violence, the fact that felony sexual assault by its nature involves force against a victim does not necessarily mean that such sexual assault qualifies as a crime of violence under § 16, because a DUI resulting in injury also by its nature involves force that causes the injury. But Leocal, which the Court decided after our decision in Zaidi, gave no weight in its analysis to whether or not the victim assented or consented to the offender’s conduct. In fact, although the victim injured by the drunk driver certainly did not assent to the driver’s actions, the Court nevertheless concluded that the DUI was not a crime of violence as defined by § 16. Rather than focusing on the victim’s conduct, as the majority does here, the Court focused on the offender’s mental state. It held that § 16 “requir[es] a higher mens rea than the merely accidental or negligent conduct involved in a DUI offense,” Leocal, 543 U.S. at 11, 125 S.Ct. 377, because it requires not only that the crime involve force or the substantial risk of force against the victim, but also that the offender “use” or threaten to use this force. 18 U.S.C. § 16. Interpreting the phrase “use of physical force” in § 16, it construed “use” to “suggest[ ] a higher degree of intent” than negligence. Leocal, 543 U.S. at 10, 125 S.Ct. 377. Based on this construction, the Court concluded that “[i]n-terpreting § 16 to encompass accidental or negligent conduct would blur the distinction between the ‘violent’ crimes Congress sought to distinguish for heightened punishment and other crimes.” Id. at 11, 125 S.Ct. 377 (citation omitted). Thus the Court held that even though a DUI that results in personal injury necessarily involves force against a victim, it is not categorically a crime of violence, because the offender does not use that force.
Section 22.011(a)(1), on the other hand, criminalizes an offender’s behavior only if it is undertaken “intentionally or knowingly.” Tex. Penal Code § 22.011(a)(1). The offender’s sexual conduct, for which he is convicted, must be deliberate. Cf. Begay v. United States, 553 U.S. 137, 145-46, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (“[A] drunk driver may very well drink on purpose. But this Court has said that, unlike the example crimes, the conduct for which the drunk driver is convicted (driving under the influence) need not be purposeful or deliberate.” (citing Leocal, 543 U.S. at *219 11, 125 S.Ct. 377 and United States v. Begay, 470 F.3d 964, 980 (10th Cir.2006) (McConnell, J., dissenting in part), rev’d and remanded, 553 U.S. 137, 128 S.Ct. 1581)). From the § 22.011(a)(1) offender’s perspective, he intends to use or knows he is using force against the victim. And factual assent is no defense, because, under the Texas law, the offender must be aware, given the mens rea element, that the victim has not given legal consent.[5] See Tex. Penal Code § 22.011(a) (“A person commits an offense if the person (1) intentionally or knowingly [engages in sexual conduct with another person] without that person’s consent.”). Therefore, he knows he is forcing unconsented-to sexual penetration or other contact on his victim. Every conviction under § 22.011(a)(1) thus involves the use of physical force against the victim, whether or not the conviction involves the risk that the offender may use additional force to subdue the victim before he assaults her.
Because every crime under § 22.011(a)(1) is a deliberate use of physical force against the victim without her legal consent, every crime in the provision is a crime of violence as defined by 18 U.S.C. § 16. I would hold, therefore, that Rodriguez was necessarily convicted under § 22.011(a)(1) of an aggravated felony and this court lacks jurisdiction over his petition. I respectfully dissent.

. This court has also held that burglary is a crime of violence. United States v. Guadardo, 40 F.3d 102, 103-04 (5th Cir.1994).

. This conclusion that felony sexual assault is more similar to DUI than burglary does not find support in federal law. The federal felony murder law lists "sexual abuse” along with burglary as one of the crimes upon which first degree felony murder can be based; it makes no mention of DUI. 18 U.S.C. § 1111(a). DUI and sexual assault or abuse are not classified together or found in the same clause anywhere in the United States Code.

.Similarly, an offender who gains entry into a dwelling by fraud or trick can still be convicted of burglary under a "constructive breaking” theory, even though the landlord factually assented to the offender’s entry. See Martinez v. State, 41 Tex. 126, 127 (1874) ("[T]o constitute this offense [of burglary] there must have been an actual or constructive breaking.”); 13 Am.Jur.2d Burglary § 13 (1994) ("Breaking in, which is an essential *217 element of the crime of burglary, may be either actual or constructive. Actual breaking in involves the application of physical force, however slight, to effectuate the entry. Where the entry is gained by threats, fraud, or conspiracy, a constructive breaking in is deemed to have occurred.”).

. Sexual assault of an adult is thus properly analyzed under § 16(a), which covers offenses that involve the use of physical force against a victim, while burglary, as an offense that involves only a risk of such force, is covered under § 16(b).

. Moreover, the offender is charged with knowledge of what constitutes legal consent under the Texas statute. See United States v. Emerson, 270 F.3d 203, 215-16 (5th Cir.2001) (reasserting that "ignorance of the law is no excuse” absent the "limited” exception for conduct that is, among other things, "passive activity ... [that] an average member of the community would not consider ... blameworthy”); cf. Bryan v. United States, 524 U.S. 184, 193, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998) (explaining that "the term ‘knowingly’ merely requires proof of knowledge of the facts that constitute the offense,” not “that the defendant knew that his [conduct] was unlawful”). Therefore, a physician or clergyman knows that if exploits a victim’s emotional dependency, she has not given him legal consent.