NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 20, 2013
Decided February 12, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2256

| | |
|---|---|
| ADNAN HAIRIC, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A079 842 088 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Adnan Hairic, a lawful permanent resident, petitions for review of the Board of Immigration Appeals' decision finding him removable because his conviction for third-degree sexual assault in Wisconsin qualifies as a crime of violence, and hence, an aggravated felony. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F). We deny the petition.

Twenty-six-year-old Hairic is a native and citizen of Bosnia-Herzegovina. He became a lawful permanent resident of the U.S. in 2004. In 2010 he was charged with

one count of second-degree sexual assault, *see* WIS. STAT. § 940.225(2)(a),[1] for having sexual intercourse with a woman without her consent and by use of force. In 2011 he pleaded guilty to a lesser charge of third-degree sexual assault (for sexual intercourse without consent) in violation of Wisconsin Statute § 940.225(3).[2] The judge sentenced Hairic to three years' imprisonment followed by three years of extended supervision but then suspended the prison sentence and placed him on three years' probation on condition that he serve one year in jail (with release privileges for job-related activities, school, and sex-offender treatment). After DHS put a hold on his release privileges, the judge granted Hairic's request for good-time credit.

In 2012, DHS sent Hairic a Notice to Appear, charging that his conviction for third-degree sexual assault made him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who had been convicted of an aggravated felony—a "crime of violence," defined in 18 U.S.C. § 16,[3] for which the prison term is at least one year, *see* 8 U.S.C. § 1101(a)(43)(F). During removal proceedings, Hairic denied that he had been convicted of an aggravated felony. He argued that third-degree sexual assault is not a crime of violence under 18 U.S.C. § 16 because it does not include as an element the use, attempted use, or threat of force as required by § 16(a), and does not present a substantial risk of the use of physical force as required by § 16(b). Hairic also maintained that his prison term was less than one year because he was serving a year in jail as part of his probation and was allowed to leave during the day to work and go to

---

[1] Under this statute, a person is guilty of a Class C felony if he "[h]as sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence." WIS. STAT. § 940.225(2)(a).

[2] A person commits third-degree sexual assault, a Class G felony, by either "ha[ving] sexual intercourse with a person without the consent of that person" or "ha[ving] sexual contact in the manner described in sub. (5)(b)2. or 3. with a person without the consent of that person." WIS. STAT. § 940.225(3).

[3] "Crime of violence" has two definitions under 18 U.S.C. § 16. Section 16(a) defines it as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another," and § 16(b) defines it as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

school, and also because the state judge granted good-time credit, reducing his term of imprisonment to less than one year.

The IJ decided that Hairic was removable as an aggravated felon, reasoning that sexual intercourse without consent is a crime of violence under 18 U.S.C. § 16(b) because "by its nature" it involves a substantial risk that physical force may be used in the course of committing the offense. The IJ reasoned that the Wisconsin statute under which Hairic was convicted, WIS. STAT. § 940.225(3), criminalized two types of conduct—sexual intercourse and sexual contact—and that therefore a modified categorical approach[4] should be used to determine whether Hairic had been convicted of a crime of violence. The IJ found that Hairic had stipulated that the original criminal complaint against him was the factual basis for his guilty plea. The IJ then looked to the criminal complaint, found that Hairic had pleaded guilty to "sexual intercourse with a person without the consent of that person," and concluded that there was a substantial risk that physical force would be used to commit this offense.(DHS conceded and the IJ agreed that third-degree sexual assault is not a crime of violence under § 16(a) because the use of force is not an element of the offense.) The IJ also concluded that the year Hairic was serving in jail as part of his probation was a "term of imprisonment of at least one year" (as required by the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F)) because the release privileges were irrelevant and the state judge's grant of good-time credit did not modify the sentence.

The Board affirmed. Tracking much of the IJ's analysis, the Board assumed that third-degree sexual assault was not categorically a crime of violence but nonetheless

---

[4] The modified categorical approach is applied when a statute describes multiple offenses, some that qualify as a crime of violence and others that do not. Under this approach, courts may look at the conviction's judicial record—e.g., charging documents, plea colloquy—"for the limited purpose of determining which part of the offense the prior conviction was for," but the court still does not examine the "particular facts underlying the conviction." *United States v. Taylor*, 630 F.3d 629, 633 (7th Cir. 2010); *see United States v. Curtis*, 645 F.3d 937, 940 (7th Cir. 2013). In contrast, under the categorical approach generally used to determine whether an offense is a crime of violence under 18 U.S.C. § 16, courts look only "to the elements of the offense and the nature of the offense of conviction, rather than to the particular facts relating to the petitioner's crime." *Zivkovic v. Holder*, 724 F.3d 894, 904 (7th Cir. 2013) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)).

concluded that Hairic had been convicted of a crime of violence under the modified categorical approach. Relying on the plea colloquy's transcript, the Board determined that Hairic had sexual intercourse without the victim's consent and with the knowledge that he lacked her consent. The Board concluded that Hairic had been convicted of a crime of violence because "whenever sexual intercourse without the victim's consent is committed in violation of 940.225(3) of the Wisconsin Statutes, there is always an inherent 'substantial risk' that its consummation will require the intentional use of violent physical force against the victim to overcome the victim's will and complete the act of intercourse." The Board also agreed with the IJ that the good-time credit Hairic received did not alter his sentence to a term of less than one year of imprisonment.

Hairic's main argument in his petition for review is that the Wisconsin felony of third-degree sexual assault, WIS. STAT. § 940.225(3), is not an aggravated felony because neither mode of committing the offense—nonconsensual sexual intercourse nor nonconsensual sexual contact—is categorically a "crime of violence" as that term is defined in 18 U.S.C. § 16(b).[5] An offense is a crime of violence under § 16(b) if it is a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Hairic does not dispute that third-degree sexual assault is a felony, but he maintains that it does not present a substantial risk that physical force will be used by the perpetrator.

We conclude that the Wisconsin offense of third-degree sexual assault is a crime of violence. Three circuits have referred to lack of consent as the "touchstone" for determining whether a sexual crime involves a substantial risk that physical force will be used. *See Aguilar v. Att'y Gen. of U.S.*, 663 F.3d 692, 701–04 (3d Cir. 2011) (concluding that sexual intercourse without consent is a crime of violence); *Zaidi v. Ashcroft*, 374 F.3d 357, 360–61 (5th Cir. 2004) (concluding that sexual battery, defined as intentional touching, mauling, or feeling of another person's body parts without consent, is a crime of violence); *Sutherland v. Reno*, 228 F.3d 171, 175–77 (2d Cir. 2000) (Sotomayor, J.) (concluding that indecent assault and battery, defined as immodest, immoral, or improper touching without consent, is a crime of violence). The Wisconsin offense of third-degree sexual assault has as an element the nonconsent of the victim. The offense

---

[5] Only § 16(b) is at issue here. The parties and the BIA agree that third-degree sexual assault is not a crime of violence under § 16(a) because the offense does not include as an element the use, attempted use, or threatened use of physical force against the person or property of another.

is therefore a crime of violence because a nonconsenting victim will most likely resist the uninvited sexual contact, creating a substantial risk that the perpetrator will use force in order to complete the sexual act. *See Aguilar*, 663 F.3d at 701; *Zaidi*, 347 F.3d at 361; *Sutherland*, 228 F.3d at 177. Committing a nonconsensual sexual act thus resembles a burglary, *see Aguilar*, 663 F.3d at 701; *Sutherland*, 228 F.3d at 176–77, which, "by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime," *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004).

Hairic next argues that it was improper for the Board to assume that third-degree sexual assault is not categorically a crime of violence and to limit its analysis to only the part of the statute that he was convicted of violating (sexual intercourse without consent). But whether the offense is examined under the categorical or modified categorical approach is irrelevant here because both ways of committing the offense (sexual contact and sexual intercourse) have nonconsent as an element. Even assuming that the Board should have employed the pure categorical approach and looked at both modes of committing the offense, it would have reached the same conclusion.

Finally, Hairic argues that he was not convicted of an aggravated felony because his term of imprisonment was less than the one year required by 8 U.S.C. § 1101(a)(43)(F). But Hairic's suspended three-year sentence—inexplicably ignored by the IJ, the Board, and both parties—counts as a term of imprisonment. *See* 8 U.S.C. § 1101(a)(48)(B); *United States v. Palomino-Rivera*, 258 F.3d 656, 660 n.5 (7th Cir. 2001); *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1270 (9th Cir. 2001).

Accordingly, the petition for review is **DENIED**.