# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60848
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2014

Lyle W. Cayce
Clerk

JORGE CANTU, also known as Jorge Luis Cantu,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A039 297 824

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jorge Cantu is a native and citizen of Mexico who was ordered removed from this country after an immigration judge (IJ) determined that his prior conviction for assault pursuant to Texas Penal Code § 22.01(a)(1) is a crime of violence (COV) under 18 U.S.C. § 16(b), thus rendering him removable pursuant to 8 U.S.C. § 1101(a)(43) as one who was convicted of an aggravated felony. Now, Cantu petitions this court for review of the order in which the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60848

Board of Immigration Appeals (BIA) dismissed his appeal from the IJ's decision.

We do not have jurisdiction to consider challenges to "any final order of removal against an alien who is removable by reason of having committed certain designated criminal offenses, including an aggravated felony under . . . § 1101(a)(43)." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460 (5th Cir. 2006); *see* 8 U.S.C. § 1252(a)(2)(C). Nonetheless, we have jurisdiction to consider the issue whether Cantu's prior conviction is in fact an aggravated felony for immigration purposes. *See id.*

In determining whether a prior conviction falls within a statutory provision of the Immigration and Nationality Act (INA), we accord substantial deference to the BIA's interpretation of the INA and the definitions of phrases within it. *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005). We then review de novo whether the particular statute governing a prior conviction falls within the relevant INA definition of an aggravated felony, rendering an alien removable. *Id.*

Our review of the record shows no error in the disputed order. Insofar as Cantu argues that he does not have a COV conviction because one may commit a § 22.01 offense through inconsequential physical contact, this argument misses the mark. An offense falls under § 16(b) if the risk of substantial force is likely to arise in a given case. *Perez-Munoz v. Keisler*, 507 F.3d 357, 362-64 (5th Cir. 2007). "Being able to imagine unusual ways the crime could be committed without the use of physical force does not prevent it from qualifying as a crime of violence under § 16(b)." *Perez-Munoz*, 507 F.3d at 364; *cf. Zaidi v. Ashcroft*, 374 F.3d 357, 360-61 (5th Cir. 2004). This argument is unavailing.

2

No. 13-60848

Next, Cantu contends that the analysis used in *United States v. Fierro-Reyna*, 466 F.3d 324 (5th Cir. 2006) should be used to address the issue whether his § 22.01 conviction is a COV. This argument is unavailing. *Fierro-Reyna* is materially distinguishable from the instant case insofar as it did not address the question whether a § 22.01(a)(1) offense is a § 16(b) COV because it involves a substantial risk of physical force. Cantu's argument that his prior offense is not a crime involving moral turpitude is misplaced because the BIA did not consider this issue. The petition for review is DISMISSED for want of jurisdiction.