# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2016

Lyle W. Cayce
Clerk

No. 15-20119
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO HERNANDEZ ACOSTA, also known as Rodolfo Acosta, also known as Rodolfo Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-487-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Rodolfo Hernandez Acosta appeals his conviction and sentence for illegal reentry pursuant to 8 U.S.C. § 1326(a) and (b)(1).  He argues that the district court erred by imposing an eight-level aggravated felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based on his 1993 Virginia misdemeanor conviction for sexual battery.  Hernandez Acosta contends that because his sexual battery

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction was a misdemeanor under Virginia state law it cannot constitute an aggravated felony under § 2L1.2(b)(1)(C).  He further asserts that his sexual battery conviction does not constitute an aggravated felony under § 2L1.2(b)(1)(C) because it fails to satisfy the definition of a crime of violence under 18 U.S.C. § 16.

Although Hernandez Acosta argues that § 1326(b) is unconstitutional on its face and as applied because it does not require the fact of a prior felony or aggravated felony conviction to be charged in an indictment and proved beyond a reasonable doubt, he concedes that this argument is foreclosed but raises it to preserve it for further review.  *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

Because the foregoing issues were not raised in the district court, our review is limited to plain error.  *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  To establish plain error, Hernandez Acosta must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Hernandez Acosta's assertion that his misdemeanor conviction cannot qualify as an aggravated felony under § 2L1.2(b)(1)(C) is without merit.  *See United States v. Ramirez*, 731 F.3d 351, 354-57 (5th Cir. 2013) ("Ramirez maintains that for a prior conviction to constitute an aggravated felony, the prior conviction must actually be a felony.  Under this logic, his misdemeanor conviction cannot be considered an aggravated felony.  While his argument is seemingly persuasive in its simplicity, every circuit court to have considered whether a misdemeanor conviction can constitute an aggravated felony for

purposes of § 1101(a)(43), including our court, has held the contrary."); *United States v. Urias-Escobar*, 281 F.3d 165, 167 (5th Cir. 2002). In addition, this court has rejected Hernandez Acosta's argument that § 16(b) is unconstitutionally vague on its face in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 675-79 (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). Relatedly, Hernandez Acosta has failed to cite pertinent authority demonstrating plain error with respect to the district court's imposition of the aggravated felony enhancement under § 2L1.2(b)(1)(C). *See United States v. Peralta-Reyes*, 533 F. App'x 372, 376 (5th Cir. 2013) (unpublished) (finding no plain error where the district court determined that Colorado's sexual assault statute was a crime of violence under § 16(b) because "non-consent of the victim" was an element of the Colorado crime); *Zaidi v. Ashcroft*, 374 F.3d 357, 361 (5th Cir. 2004) (holding that an Oklahoma sexual battery conviction was a crime of violence under § 16(b), because "the non-consent of the victim is the touchstone for determining whether a given offense involves a substantial risk that physical force may be used in the commission of the offense." (internal quotation marks and citation omitted)); *see also United States v. Ramos Ceron*, 775 F.3d 222, 226 (5th Cir. 2014) (concluding that a defendant could not demonstrate clear or obvious error in the "absence of case law unequivocally supporting" his position on appeal).

AFFIRMED.