PRISCILLA R. OWEN, Circuit Judge:
Esau Rodriguez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) that he is removable for having been convicted of an aggravated felony. Because the record does not establish that Rodriguez was convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), we grant his petition and vacate the order of removal.
I
In 2002, Rodriguez pleaded guilty to violating Texas Penal Code section 22.011 and was placed on deferred adjudication. Rodriguez was placed on community supervision and, in 2006, pleaded true to violating the terms of that supervision by drinking intoxicating beverages and failing to remain within Deaf Smith County, Texas. Rodriguez was adjudicated guilty and sentenced to four years of imprisonment. In 2010, he was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), asserting that his conviction of the Texas offense of attempted sexual assault was an aggravated felony.
The immigration judge (IJ) issued an oral decision finding that Rodriguez was *210 removable because he had been convicted of an aggravated felony. The IJ concluded that Rodriguez’s conviction for attempted sexual assault under Texas Penal Code section 22.011 was a crime of violence as defined in 18 U.S.C. § 16(b) because the offense presented a substantial risk of the use of physical force against another. The IJ ordered Rodriguez removed to Mexico.
The BIA dismissed Rodriguez’s appeal, holding that the “relevant portions” of section 22.011, which it determined were subsections (a)(l)(A)-(C) and (b), qualified as a crime of violence under 18 U.S.C. § 16(b) and that Rodriguez’s offense qualified as an aggravated felony because he was sentenced to more than one year of imprisonment, rendering him removable. Rodriguez timely petitioned this court for review pursuant to 8 U.S.C. § 1252.
II
“We must begin by determining whether we have jurisdiction to review the BIA’s decision,” which we do de novo.[1] “Congress has specifically commanded in 8 U.S.C. § 1252(a)(2)(C) that no court has jurisdiction to review deportation orders for aliens who are removable because they were convicted of aggravated felonies.”[2] We do, however, have jurisdiction to review jurisdictional facts.[3] “[W]hether an offense constitutes an aggravated felony is a purely legal” question, which we review de novo.[4]
Ill
“Any alien who is convicted of an aggravated felony at any time after admission is deportable.”[5] An “aggravated felony” is defined as “murder, rape, or sexual abuse of a minor” or “a crime of violence (as defined in [18 U.S.C. § 16] ...) for which the term of imprisonment [is] at least one year.”[6] Section 16 defines “crime of violence” in pertinent part as an offense “that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.”[7]
To determine whether an alien’s guilty plea conviction constitutes an aggravated felony for removal purposes, this court applies the “categorical approach” adopted in Taylor v. United States,[8] The categorical approach considers only the statutory definition of the offense of conviction, rather than the underlying facts of the actual offense, to determine whether the offense meets the definition of an aggravated felony.[9] However, “[i]f the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony, we apply a modified categorical approach.”[10] Under the modified categorical approach, we may examine certain additional documents in the convicting court’s record to determine whether the guilty plea conviction “necessarily” *211 fell under a particular subsection of the statute that meets the aggravated felony criterion.[11] The state court documents that may be considered include the “charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.”[12] If these documents are insufficient to establish that the alien was necessarily convicted of an aggravated felony, the conviction may not be used as a basis for deportation.[13]
At the time of Rodriguez’s conviction, section 22.011 of the Texas Penal Code read as follows:
(a) A person commits an offense if the person:
(1) intentionally or knowingly:
(A) causes the penetration of the anus or female sexual organ of another person by any means, without that person’s consent;
(B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person’s consent; or
(C) causes the sexual organ of another person, without that person’s consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or
(2) intentionally or knowingly:
(A) causes the penetration of the anus or female sexual organ of a child by any means;
(B) causes the penetration of the mouth of a child by the sexual organ of the actor;
(C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
(D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
(E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.
(b) A sexual assault under Subsection (a)(1) is without the consent of the other person if:
(1) the actor compels the other person to submit or participate by the use of physical force or violence;
(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat;
(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;
(4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it;
(5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring;
(6) the actor has intentionally impaired the other person’s power to appraise or control the other person’s conduct by administering any sub *212 stance without the other person’s knowledge;
(7) the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat;
(8) the actor is a public servant who coerces the other person to submit or participate;
(9) the actor is a mental health services provider or a health care services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person’s emotional dependency on the actor; or
(10) the actor is a clergyman who causes the other person to submit or participate by exploiting the other person’s emotional dependency on the clergyman in the clergyman’s professional character as spiritual adviser.
(c) In this section:
(1) “Child” means a person younger than 17 years of age who is not the spouse of the actor.[14]
Rodriguez’s indictment charged in count one that Rodriguez “intentionally or knowingly cause[d] the penetration of the female sexual organ of J.S. by defendant’s sexual organ, without the consent of J.S.” Count two charged that he “intentionally or knowingly cause[d] the female sexual organ of J.S. to contact the defendant’s sexual organ, without the consent of J.S.” The BIA implicitly held that Rodriguez was convicted under subsection (a)(1) of section 22.011. The language of the indictment indeed tracks the language of subsections (a)(1)(A) and (C), specifically noting that the offense was committed “without the consent” of the victim. The indictment did not charge Rodriguez with sexual assault of a “child,” which would be an offense under subsection (a)(2). The Government concedes that in determining whether Rodriguez has been convicted of an aggravated felony under 8 U.S.C. § 1227(a) (2) (A) (iii), which in turn refers to the definition of “a crime of violence” under 18 U.S.C. § 16, the indictment and record in the Texas court confíne our consideration to an offense under section 22.011(a)(1).
Rodriguez’s “Adjudication of Guilt” states that “[t]he Sex Offender Registration Requirements ... do apply to the Defendant. The age of the victim at the time of the offense was 16 years of age.” However, this statement does not indicate that the age of the victim was an element of the offense under which Rodriguez was convicted. Nor is this an “explicit factual finding by the trial judge to which the defendant assented.”[15] Rodriguez did not plead guilty to the sexual assault of a child.[16]
Accordingly, the issue before this court is whether a conviction under section 22.011(a)(1) of the Texas Penal Code is categorically a crime of violence under § 16(b), and we must determine “whether the crime inherently involves a substantial risk that intentional physical force may be used in the commission of the crime” to *213 answer that question.[17] Section 16(b) encompasses crimes that, while capable of being committed without the use of physical force, always entail a substantial risk that physical force—defined as “destructive or violent force”—may be used.[18] Rodriguez argues that two of the actions deemed to be “without consent” in section 22.011(a)(1)—where a mental health worker or clergyman exploits the emotional dependency of the victim—do not constitute crimes of violence.[19] We agree.
“[W]hen analyzing the operative phrase ‘substantial risk,’ it is not necessary that ‘[the risk] must occur in every instance; rather a substantial risk requires a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur.’ ”[20] Section 16 “has both criminal and noncriminal applications,” and thus, “the rule of lenity applies.”[21] We therefore are “constrained to interpret any ambiguity in the statute in [Rodriguez’s] favor.”[22]
In Leocal v. Ashcroft,[23] the Supreme Court held that a conviction for driving under the influence (DUI) did not constitute a crime of violence under § 16(b). The Court reasoned that § 16(b) “covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense” and focuses on “the risk that the use of physical force against another might be required in committing a crime.”[24] The Court cited burglary as a prime example, stating that “burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime.”[25]
Sexual assault of an adult with that person’s actual assent but without legally effective consent under the circumstances described in subsections (9) and (10) of the Texas statute is more similar to a DUI than burglary because, unlike burglary, a sexual relationship that a clergyman has gained through exploitation of emotional dependency is not a situation where there is a substantial risk that the offender will use force against the victim to complete the crime. Nor does there appear to be a substantial risk “destructive or violent” force may be used.[26]
Both parties cite this circuit’s decision in Zaidi v. Ashcroft,[27] in which we analyzed whether an Oklahoma statute that criminalized “the intentional touching, mauling or feeling of the body or private parts of any person ... without the consent of that other person” was a crime of violence under § 16(b).[28] Zaidi’s charges arose from a night of drinking during which he inap *214 propriately touched two women through their clothing while the women were either passed out or partially awake.[29] We held that the offense defined by the statute under consideration presented a “substantial” risk that “physical force will be used to complete the offense of sexual battery,” because such an offense “carries with it the ever-present possibility that the victim may figure out what’s really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint.”[30] We said that in such cases, “ ‘the non-consent of the victim is the touchstone for determining’ whether a given offense involves a substantial risk that physical force may be used in the commission of the offense.”[31]
We note that our decision in Zaidi relied, in part, on a Sixth Circuit case, United States v. Mack,[32] to support the proposition that sexual battery through deception is a crime of violence.[33] In United States v. Wynn,[34] however, the Sixth Circuit concluded that Mack “is no longer good law” in light of the Supreme Court’s decision in Begay v. United States.[35] The Wynn court reasoned that the Ohio statute under which the defendant was convicted criminalized “a consensual sexual act between adults [that] would not be violent and aggressive by nature.”[36] The court gave as an example “a consensual sexual encounter between a woman and her 21-year-old adopted stepson.” [37] The Sixth Circuit held that a conviction under the Ohio statute at issue could not categorically be a crime of violence.[38]
Unlike the offense defined by the statute in Zaidi, during a sexual encounter with a physician or a clergyman, a victim could factually assent to the sexual relation, despite consent being deemed a legal nullity. In such situations, there is not a “substantial risk that physical force may be used” because there is not the same risk “that the victim may figure out what’s really going on and decide to resist” as there would be if, as in Zaidi, a victim could wake up and resist an ongoing assault.[39]
Today’s holding does not contradict our prior holdings concerning crimes of violence. We have held that indecency with a child younger than 17,[40] burglary of a habitation,[41] burglary of a nonresidential structure or vehicle,[42] and unauthorized use of a *215 motor vehicle[43] all involve a substantial risk that physical force may be used. In deciding that indecency with a child as old as 17 is a crime of violence, we stressed that “such crimes typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures,” as well as that the child “has very few, if any, resources to deter the use of physical force by an adult intent on touching the child.”[44]
The Second Circuit similarly held that despite the possibility that a 17-year-old could be convicted for having sexual intercourse with his 15-year-old girlfriend, all sexual intercourse with a minor is noneon-sensual.[45] The court reasoned that minors do not have the legal capacity to consent and that a statute involving a victim who is unable to give consent “inherently” involves a substantial risk that force may be used.[46] The court explained that there is a substantial risk of force when there is age disparity, the victim has a physical or mental incapacity, or the defendant is in a position of authority over the victim.[47] The Eighth Circuit also determined that intentional physical contact “between an adult 19 years of age or older and a child 14 years of age or younger” who undoubtedly have “differing physical and emotional maturity” carries a substantial risk of force being used.[48]
But the rationale of these cases cannot be stretched to encompass sexual relations between a clergyman and one receiving spiritual counseling or to sexual relations between a health care provider and a patient. The sexual contact that is criminalized, though garnered through exploitation of emotional dependency, is not “substantially” likely to be met with force if assent is withdrawn. While we stated in Zaidi that consent is the ultimate touchstone, that case addressed a statute that did not differentiate between factual and legal consent.[49] Conversely, section 22.011 sets forth scenarios in which a victim could give factual assent that is rendered a legal nullity. The sections of the Texas Penal Code on which Rodriguez relies are unlike child assault offenses because children are in both physically and emotionally inferior positions than adults seeking professional services from a clergyman or health care provider.
Though section 22.011 defines certain acts as being “without consent,” we are applying a federal statute, 18 U.S.C. § 16(b), to a Texas Penal Code provision. Deeming the actions described in section 22.011 to be “without consent” does not control whether an offense is a “crime of violence” under § 16(b).
*216 For the foregoing reasons, we GRANT Rodriguez’s petition and VACATE the order of removal.

. Nehme v. INS, 252 F.3d 415, 420 (5th Cir.2001).

. Id.

. Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir.2000).

. Patel v. Mukasey, 526 F.3d 800, 802 (5th Cir.2008).

. 8 U.S.C. § 1227(a)(2)(A)(iii).

. 8 U.S.C. § 1101(a)(43)(A), (F).

. 18 U.S.C. § 16(b).

. 495 U.S. 575, 110 S.Ct 2143, 109 L.Ed.2d 607 (1990).

. Larin-Ulloa v. Gonzales, 462 F.3d 456, 463 (5th Cir.2006).

. Id. at 464 (citing Shepard v. United States, 544 U.S. 13, 20-21, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

. Id.

. Id. (quoting Omari v. Gonzales, 419 F.3d 303, 308 (5th Cir.2005)) (internal quotation marks omitted).

. Id.

. Tex. Penal Code Ann. § 22.011 (West 2002).

. Larin-Ulloa, 462 F.3d at 464 (quoting Omari v. Gonzales, 419 F.3d 303, 308 (5th Cir.2005)) (internal quotation marks omitted).

.See id. ("The use of these documents is permitted because they are considered sufficiently conclusive and reliable to establish the fact to which the alien actually pleaded guilty.” (citing Shepard v. United States, 544 U.S. 13, 23, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005))).

. Id. at 465 (citing Leocal v. Ashcroft, 543 U.S. 1, 10, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004)).

. Id. (internal quotation marks and citation omitted).

. See Tex. Penal Code Ann. § 22.011(b)(9), (10).

. United States v. Galvan-Rodriguez, 169 F.3d 217, 219 (5th Cir.1999) (per curiam) (quoting United States v. Rodriguez-Guzman, 56 F.3d 18, 20 (5th Cir.1995), overruled on other grounds hy United States v. Charles, 301 F.3d 309, 314 (5th Cir.2002) (en banc)).

. Leocal v. Ashcroft, 543 U.S. 1, 11 n. 8, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004).

. Id.

. 543 U.S. 1, 125 S.Ct. 377.

. Id. at 10, 125 S.Ct. 377.

. Id.

. Larin-Ulloa v. Gonzales, 462 F.3d 456, 465 (5th Cir.2006).

. 374 F.3d 357 (5th Cir.2004) (per curiam).

. Zaidi, 374 F.3d at 360 (emphasis added).

. Id. at 358.

. Id. at 361 (quoting United States v. Mack, 53 F.3d 126, 128 (6th Cir.1995), abrogated by United States v. Wynn, 579 F.3d 567 (6th Cir.2009)) (internal quotation marks omitted).

. Id. (quoting Sutherland v. Reno, 228 F.3d 171, 177 (2d Cir.2000)).

. 53 F.3d 126 (6th Cir.1995).

. Zaidi, 374 F.3d at 361 (quoting Mack, 53 F.3d at 128).

. 579 F.3d 567 (6th Cir.2009).

. Wynn, 579 F.3d at 573 (citing Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)).

.Id. at 574.

. Id.

. Id.

. Zaidi v. Ashcroft, 374 F.3d 357, 358 (5th Cir.2004) (per curiam).

. United States v. Velazquez-Overa, 100 F.3d 418, 421-22 (5th Cir.1996).

. United States v. Guadardo, 40 F.3d 102, 103 (5th Cir.1994) (citing United States v. Cruz, 882 F.2d 922, 923 (5th Cir.1989)).

. United States v. Ramos-Garcia, 95 F.3d 369, 371 (5th Cir.1996) (per curiam).

. United. States v. Galvan-Rodriguez, 169 F.3d 217, 219 (5th Cir.1999) (per curiam).

. Velazquez-Overa, 100 F.3d at 422.

. Chery v. Ashcroft, 347 F.3d 404, 408 (2d Cir.2003).

. Id.

. Id. at 408-09.

. United States v. Alas-Castro, 184 F.3d 812, 813 (8th Cir.1999) (per curiam).

.The statute at issue in Zaidi provided as follows:
No person shall commit sexual battery on any other person. “Sexual battery” shall mean the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older, in a lewd and lascivious manner and without the consent of that other person....
Zaidi v. Ashcroft, 374 F.3d 357, 360 (5th Cir.2004) (per curiam) (quoting Okla. Stat. Ann. tit. 21, § 1123(b) (West 2002)) (internal quotation marks omitted).