# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2013

No. 12-10691

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL GALVEZ-MORALES,

Defendant-Appellant

Appeal from the United States District Court
of the Northern District of Texas
USDC No. 3:12-CR-00022

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Miguel Galvez-Morales ("Galvez-Morales") pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and was sentenced to 30 months' imprisonment. He appeals the eight-level sentence enhancement he received pursuant to U.S.S.G. § 2L1.2(b)(1)(C) for having previously committed an aggravated felony. Because Galvez-Morales' 2010 Texas conviction for assault of a public servant is properly classified as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10691

crime of violence and therefore as an aggravated felony under § 2L1.2(b)(1)(C), we affirm his sentence.

## I.

In 2010, Galvez-Morales pleaded guilty in Texas to assault of a public servant. A person commits the Texas offense of assault "if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." Tex. Penal Code Ann. § 22.01(a)(1). The offense is a felony of the third degree, *inter alia*, "if the offense is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty." *Id.* § 22.01(b)(1). Galvez-Morales' Texas indictment charged that on or about December 3, 2009, he

> did unlawfully . . . intentionally, knowingly and recklessly cause bodily injury to [the victim] by STRIKING [the victim] WITH DEFENDANT'S HAND and [the victim] was at the time of said offense a public servant, namely: a DALLAS POLICE OFFICER, engaged in the lawful discharge of an official duty and [Galvez] knew that [the victim] was a public servant.

In his judicial confession, Galvez-Morales admitted that he committed the offense "exactly as alleged in the indictment in this cause."

On December 20, 2011, Galvez-Morales was arrested by immigration authorities and charged with illegal reentry following deportation in violation of 8 U.S.C. § 1326. Galvez-Morales pleaded guilty. The presentence report recommended an eight-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) for Galvez-Morales' 2010 Texas conviction for assault of a public servant. The district court agreed, overruling Galvez-Morales' objection. The district court sentenced Galvez-Morales to 30 months' imprisonment.

## II.

Galvez-Morales now appeals the district court's application of the eight-level enhancement to his sentence. We review *de novo* whether the district court

2

No. 12-10691

properly categorized a prior offense as an aggravated felony. *See United States v. Flores-Gallo*, 625 F.3d 819, 821 (5th Cir. 2010). Where, as in the present case, the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony, we apply a modified categorical approach. *United States v. Medina-Torres*, 703 F.3d 770, 774 (5th Cir. 2012). Under the modified categorical approach, we may examine the charging document, written plea agreement, transcript of a plea colloquy, or any explicit factual finding by the trial judge to which the defendant assented, in order "to determine whether the guilty plea conviction 'necessarily' fell under a particular subsection of the statute that meets the aggravated felony criterion." *Rodriguez v. Holder*, 705 F.3d 207, 210-11 (5th Cir. 2013).

Pursuant to § 2L1.2(b)(1)(C), a defendant convicted of illegal reentry receives an eight-level sentencing enhancement when the defendant was previously deported after a conviction for an aggravated felony. The term "aggravated felony" has the meaning given to the term in 8 U.S.C. § 1101(a)(43). U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C) cmt. 3. Section 1101(a)(43) defines aggravated felony as, *inter alia*, "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 16 defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The Texas offense of assault does not satisfy § 16(a) because it does not have the use, attempted use, or threatened use of physical force as an element. *See United States v. Villegas-Hernandez*, 468 F.3d 874, 878-79 (5th Cir.

2006). Therefore, Galvez-Morales' offense will qualify as an aggravated felony only if it constitutes a crime of violence under § 16(b).

"Section 16(b) encompasses crimes that, while capable of being committed without the use of physical force, always entail a substantial risk that physical force—defined as 'destructive or violent force'—may be used." *Rodriguez*, 705 F.3d at 213 (quoting *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 465 (5th Cir. 2006)). "A 'substantial risk requires a strong probability that the application of physical force during the commission of a crime will occur.'" *United States v. Landeros-Gonzales*, 262 F.3d 424, 427 (5th Cir. 2001) (quoting *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995)). "Section 16(b) sweeps more broadly than § 16(a)." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004). It "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Id*. It does not, however, encompass merely negligent conduct. *Id*.

Galvez-Morales' indictment charged that he "intentionally, knowingly and recklessly cause[d] bodily injury to [the victim] by STRIKING [the victim] WITH DEFENDANT'S HAND," and he admitted in his plea that he committed the offense "exactly as alleged in the indictment." Under the modified categorical approach, we may take into account Galvez-Morales' charging sheet and guilty plea "to pare down [the] statute to determine if a violation of part of the statute constitutes a crime of violence when the statute as a whole categorically does not." *Perez-Munoz v. Keilser*, 507 F.3d 357, 361 (5th Cir. 2007). Because Galvez-Morales admitted that he acted intentionally and knowingly to cause bodily injury by striking the victim with his hand, we need not reach the question of whether the offense committed with the lesser *mens rea* of recklessness would also qualify as a crime of violence pursuant to § 16(b).

The offense of intentionally and knowingly causing bodily injury to another person involves a substantial risk that a person will use physical force

to commit the offense. "[W]hen analyzing the operative phrase 'substantial risk,' it is not necessary that [the risk] *must* occur in every instance; rather a substantial risk requires a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur." *Rodriguez*, 705 F.3d at 213 (alterations in original) (internal quotation marks omitted). Although one can hypothesize scenarios in which a person may intentionally cause bodily injury without resorting to physical force, this is not the proper inquiry. *See James v. United States*, 550 U.S. 192, 208 (2007) (holding that for the purpose of defining a violent felony pursuant to 18 U.S.C. § 924(e), the proper inquiry is whether the offense "in the ordinary case, presents a serious risk of injury to another"). "Being able to imagine unusual ways the crime could be committed without the use of physical force does not prevent it from qualifying as a crime of violence under § 16(b)." *Perez-Munoz*, 507 F.3d at 364. With regard to Galvez-Morales' offense, in the ordinary case, when the defendant is charged with and admits to intentionally and knowingly causing bodily injury to a public servant by striking him with the defendant's hand, the defendant uses or substantially risks using physical force to commit the offense. Therefore, under the modified categorical approach, Galvez-Morales' prior conviction assault of a public servant with an intentional, knowing *mens rea* qualifies as a crime of violence under § 16(b). Because it is a crime of violence, it therefore qualifies as an aggravated felony for the purpose of § 2L1.2(a). The district court did not err in assigning an eight-level sentencing enhancement to Galvez-Morales.

## CONCLUSION

For the aforementioned reasons, we AFFIRM Galvez-Morales' sentence.