# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2013

Lyle W. Cayce
Clerk

No. 13-60068
Summary Calendar

RAJAN ABRAHAM,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A040 344 396

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rajan Abraham, a native and citizen of India, petitions for review of an order issued by the Board of Immigration Appeals (BIA) which dismissed his appeal of a removal order. The BIA determined that Abraham was subject to removal because he was previously convicted of violating § 22.011(a)(2)(C) of the Texas Penal Code, which is an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). Abraham argues that the immigration judge relied upon improper documentary evidence of his state-court conviction in making this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination.    Because the BIA did not rely on the immigration judge's decision in determining that Abraham was convicted of violating § 22.011(a)(2)(C), our review is limited to the BIA's decision.    *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).

Although Congress specifically stated "in 8 U.S.C. § 1252(a)(2)(C) that no court has jurisdiction to review deportation orders for aliens who are removable because they were convicted of aggravated felonies," this court has "jurisdiction to review jurisdictional facts," such as "[w]hether an offense [is] an aggravated felony."  *See Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (internal quotation marks and citation omitted). "[W]hether an offense constitutes an aggravated felony is a purely legal question, which we review de novo." *Id.* (internal quotation marks and citation omitted).  "'Any alien who is convicted of an aggravated felony at any time after admission is deportable.'" *Id.* (quoting 8 U.S.C. § 1227(a)(2)(A)(iii)).  An aggravated felony is defined as, inter alia, "sexual abuse of a minor."  § 1101(a)(43)(A).  In Abraham's case, the BIA correctly applied the modified categorical approach to determine under which part of § 22.011 of the Texas Penal Code Abraham had been convicted and correctly concluded that Abraham's conviction qualified as a conviction for sexual abuse of a minor pursuant to § 1101(a)(43)(A).  *See Rodriguez*, 705 F.3d at 210-16.

Contrary to Abraham's assertion, the Government did in fact submit the indictment as proof of his prior conviction.  The indictment charged Abraham with intentionally and knowingly causing the sexual organ of a child "to contact and penetrate the mouth of said defendant."  The BIA correctly relied upon the indictment to determine which subsection of the Texas sexual assault statute was at issue in Abraham's offense.  *See id.* The BIA also relied upon Abraham's judicial confession.  Both Abraham and the presiding judge signed the judicial confession, which is a sufficiently reliable record for consideration when characterizing a prior guilty-plea offense.  *See id.* at 211; *United States v.*

*Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008). The BIA's reliance on the indictment and judicial confession was thus proper, *see Rodriguez*, 705 F.3d at 210-16, and those documents demonstrate, as the BIA concluded, that Abraham pleaded guilty to violating § 22.011(a)(2)(C), which provides that a person commits an offense if the person intentionally or knowingly "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." *See* Tex. Penal Code § 22.011(a)(2)(C). Abraham's challenge to the BIA's use of documentary evidence therefore lacks merit.

Abraham does not challenge the BIA's determination that a conviction under § 22.011(a)(2)(C) qualifies as sexual abuse of a minor pursuant to § 1101(a)(43)(A) or that as such he is removable pursuant to § 1227(a)(2)(A)(iii). He has therefore abandoned any challenge that he may have to this determination. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Abraham has also abandoned by failing to brief a challenge to the BIA's determinations that he was not eligible for relief from removal and that his claim regarding lack of counsel did not warrant relief. *See Scroggins*, 599 F.3d at 446-47; *see also Soadjede,* 324 F.3d at 833.

Finally, Abraham asserts a due process violation which appears to be based on a misunderstanding about which documents are in the administrative record and support the determination that he was convicted of violating § 22.011(a)(2)(C). "[I]mmigration judges must conduct deportation hearings in accord with due process standards of fundamental fairness." *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012) (internal quotation marks and citations omitted). "We review a claim of a due process violation de novo. To prevail, however, the alien must show substantial prejudice." *Id*. (internal citations omitted). In this case the BIA relied on the indictment and the judicial

confession which demonstrate that Abraham violated § 22.011(a)(2)(C).  Thus Abraham cannot show substantial prejudice on this record.

In light of the foregoing, the petition for review is DENIED.