# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60039
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

CESAR ORIHUELA CASTRO, also known as Castro Orihuela,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 962 205

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cesar Orihuela Castro (Orihuela), a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of an aggravated felony. He contends that the BIA erred in concluding that his conviction for sexual assault in violation of TEX. PENAL

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60039

CODE ANN. § 22.011(a)(1) was a crime of violence under 18 U.S.C. § 16(b) and, thus, an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

Whether an offense is an aggravated felony is a purely legal question that we review de novo. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013). Our review is limited to the BIA's decision, except to the extent the IJ's decision affected the BIA's decision. *Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997).

Unlike *Rodriguez*, Orihuela's indictment alleged that the victim's lack of consent occurred because she was unconscious and physically unable to resist, as set forth in § 22.011(b)(3). We have held that when the lack of consent is achieved because the victim is unconscious, the offense "carries with it the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint." *Zaidi v. Ashcroft*, 374 F.3d 357, 361 (5th Cir. 2004) (internal quotation marks and citation omitted); *see also Rodriguez*, 705 F.3d at 214. Thus, pursuant to the modified categorical approach, Orihuela's conviction for sexual assault was a crime of violence under § 16(b) because it inherently involved a substantial risk that intentional physical force would be used in the commission of the offense. *Cf. Rodriguez*, 705 F.3d at 212-15. Because the BIA did not err in concluding that Orihuela's sexual assault conviction was an aggravated felony under § 1101(a)(43)(F), we do not reach Orihuela's contention that the IJ erred in concluding that his sexual assault conviction qualified as an aggravated felony under § 1101(a)(43)(A). Accordingly, Orihuela's petition for review is DENIED.