# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 14-60803
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2016

Lyle W. Cayce
Clerk

————————

RICARDO BONILLA, also known as Richard Amadeo Bonilla,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A028 578 497

————————————

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricardo Bonilla has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing Bonilla's appeal from the decision of the immigration judge (IJ) finding him removable as a result of his guilty plea conviction of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. The IJ determined that Bonilla's conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i). We lack "jurisdiction to review any final

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60803

order of removal against an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but we retain jurisdiction to decide the jurisdictional question of whether the charged crime is an aggravated felony. *James v. Gonzales*, 464 F.3d 505, 507 (5th Cir. 2006). We may review "jurisdictional facts," and we review de novo the legal issue of whether an offense constitutes an aggravated felony. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013). We accord substantial deference to the BIA's interpretation of the Immigration and Nationality Act and its definitions of phrases within it. *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005).

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The definition of "aggravated felony" includes "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." § 1101(a)(43)(M)(i); *see also Nijhawan v. Holder*, 557 U.S. 29, 38 (2009). Bonilla does not dispute that his § 286 conviction involved fraud or deceit. The issue presented is whether the BIA erred in determining that the offense involved a loss to the victim that was greater than $10,000. The amount of loss under § 1101(a)(43)(M)(i) "is a factual matter to be determined from the record of conviction." *Arguelles-Olivares v. Mukasey*, 526 F.3d 171, 177 (5th Cir. 2008).

Under § 286, it is a crime to "enter[] into an agreement, combination, or conspiracy to defraud the United States . . . by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim." We must decide "whether there was clear and convincing evidence that [Bonilla's] prior conviction involved an amount of loss greater than $10,000 and whether the evidence establishing that the conviction involved such a loss was reasonable, substantial, and probative." *Id.* at 178.

2

No. 14-60803

Bonilla asserts that the losses were limited by his plea agreement to those associated with a single fraudulent tax return, which did not result in an actual loss to the Government.  In support of this position, he notes that he was not ordered to make restitution.  These contentions are without merit.

The criminal judgment recites that Bonilla was convicted of "Conspiracy to Defraud the U.S. With Respect to Claims in violation of . . . § 286 *as charged in Count 1 of the Indictment.*"  The indictment alleged that Bonilla was a participant in a fraudulent scheme that resulted in the erroneous issuance of millions of dollars in tax refunds.

The loss caused by Bonilla's crime is the total loss from the entire fraudulent scheme.  *See James*, 464 F.3d at 511.  The rule in *James* is consistent with the BIA's interpretation of § 1101(a)(43)(M)(i) in this case, to which we defer.  *See Omari*, 419 F.3d at 306.  No inference may be drawn from the failure of the district court in the criminal case to exercise its discretion under 18 U.S.C. § 3663(a)(1)(A) to require Bonilla to make restitution.  The administrative record is silent as to that question.  Although a restitution order may constitute evidence of the amount of a victim's loss, the absence of a restitution order does not compel the conclusion that no loss was sustained.  *See Nijhawan*, 557 U.S. at 42-43 (treating restitution order as evidence of loss amount).

Because Bonilla's § 286 conviction was properly regarded by the BIA as an aggravated felony under § 1101(a)(43)(M)(i), we lack jurisdiction, and the petition for review is DISMISSED.  *See James*, 464 F.3d at 512.