# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 15-60358
Summary Calendar

May 23, 2016

Lyle W. Cayce
Clerk

JOHN DA SILVA PAZ, also known as John Paz,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A057 077 516

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John Da Silva Paz (Paz) is a native and citizen of the Philippines who was admitted to the United States in 2004 on an immigrant visa. In March 2012, a federal court convicted Paz on his guilty plea to conspiring to commit bank fraud as charged in an indictment asserting a loss amount of more than $400,000. *See* 18 U.S.C. §§ 1344, 1349. Concluding that Paz was removable based on his conviction for an aggravated felony in which the loss exceeded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60358

$10,000, an immigration judge ordered him removed to the Philippines. *See* 8 U.S.C. §§ 1101(a)(43)(M)(i), (U), 1227(a)(2)(A)(iii). The Board of Immigration Appeals (BIA) dismissed Paz's appeal. He petitions for review.

We lack jurisdiction to review a final order removing an alien based on his conviction for an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C); *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001). But we may examine "whether the specific conditions exist that bar [our] jurisdiction over the merits," i.e., whether the petitioner is an alien removable for "committing the type of crime that" precludes our review. *Nehme*, 252 F.3d at 420. We examine that question de novo. *Id.* at 421; *see Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

The BIA relied on record evidence of the fraud count of Paz's indictment and of Paz's plea of guilty as charged in that count to conclude that Paz had committed an aggravated felony. *See Nijhawan v. Holder*, 557 U.S. 29, 42-43 (2009). This evidence showed that his victims' losses resulted from his crime. *See id.*

We conclude that the record furnishes clear and convincing evidence supporting the determination of the amount of loss caused by Paz and the BIA's conclusion that he is removable as an aggravated felon and conclude further that this evidence was "reasonable, substantial, and probative." *Arguelles-Olivares v. Mukasey*, 526 F.3d 171, 179-80 (5th Cir. 2008); *see also Nijhawan*, 557 U.S. at 42. Consequently, we leave the BIA's ruling undisturbed and deny the petition for review. *See Arguelles-Olivares*, 526 F.3d at 179.

PETITION DENIED.