# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2020

Lyle W. Cayce
Clerk

No. 19-60068
Summary Calendar

EFRAIN GUADALUPE RONQUILLO-HERRERA, also known as Efrain Ronquillo-Herrera,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 542 896

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Efrain Guadalupe Ronquillo-Herrera, a native and citizen of Mexico, seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. He argues that the IJ and the BIA erred in denying the requested

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief and committed procedural errors in doing so.  We generally have authority to review only the BIA's decision but review the IJ's as well when it affects that of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Findings of fact are reviewed for substantial evidence, while legal questions, including jurisdictional questions, are reviewed de novo.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012); *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).  This court always has jurisdiction to determine its own jurisdiction.  *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

Because it is undisputed that Ronquillo-Herrera is removable based upon a conviction for a controlled substance offense, we lack jurisdiction to review the factual conclusions of the IJ and the BIA.  *See* 8 U.S.C. § 1252(a)(2)(C); *Pierre-Paul v. Barr*, 930 F.3d 684, 693-94 (5th Cir. 2019). Although this does not prevent us from reaching questions of law, *see* § 1252(a)(2)(D), most of Ronquillo-Herrera's procedural arguments are unexhausted and therefore subject to another jurisdictional bar.  *See* § 1252(d)(1); *Omari*, 562 F.3d at 319-21.  This court retains jurisdiction to the extent Ronquillo-Herrera presents an exhausted argument that the IJ ignored relevant substantial evidence.  However, we are satisfied from our review of the record that Ronquillo-Herrera received meaningful consideration of the evidence supporting his claims.  *See Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996).

**PETITION DISMISSED IN PART, DENIED IN PART.**