# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

No. 23-60168

CINDY ELIZABETH ECHEGOYEN SANTOS,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A209 839 365

Before JONES, BARKSDALE, and HO, *Circuit Judges*.

PER CURIAM:*

Cindy Elizabeth Echegoyen Santos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) upholding the denial of her application for asylum and withholding of removal. Santos raises several issues in her petition. "We must begin by determining whether we have jurisdiction to review the BIA's decision,

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

which we do de novo." *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (citation omitted).

Santos asserts the immigration judge (IJ) and BIA lacked jurisdiction to decide her asylum application, claiming United States Citizenship and Immigration Services had exclusive jurisdiction based on her unaccompanied-alien-child (UAC) status. Although the IJ concluded Santos lost her UAC status when she was released into her mother's custody, Santos did not assert her lack-of-jurisdiction claim before the BIA. *See* 6 U.S.C. § 279(g) (defining UAC status).

During the pendency of this petition, Santos' brother presented this same issue in his petition for review before our court. *See Echegoyen Santos v. Garland*, No. 23-60166, 2024 WL 4182927, *3 (5th Cir. 13 Sept. 2024). Because Santos' brother failed to exhaust his jurisdictional contention before the BIA, our court declined to address the issue. *Id.* (holding failure to raise jurisdictional issue in the BIA was failure to exhaust). Accordingly, we likewise decline to address Santos' identical contention.

Turning to the merits, our court reviews the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Review of legal conclusions is *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Along that line, petitioner has the burden of showing "the evidence was so compelling that no reasonable factfinder could conclude against it". *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021) (citation omitted).

To qualify for asylum, Santos must show she is "unable or unwilling" to return to El Salvador "because of persecution or a well-founded fear of persecution on account of" a statutorily-protected ground, such as membership in a particular social group (PSG). 8 U.S.C. § 1101(a)(42)(A); *see also Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018) (explaining statutory framework). A petitioner who establishes past persecution "is presumed to have a well-founded fear of future persecution". *Zhu v. Ashcroft*, 382 F.3d 521, 528 n.6 (5th Cir. 2004). If petitioner cannot show past persecution, she must show a well-founded fear of future persecution by demonstrating "a subjective fear of persecution, and that fear must be objectively reasonable". *Chen v. Gonzales*, 470 F.3d 1131, 1135 (5th Cir. 2006) (citation omitted).

Santos fails to show the evidence compels a conclusion that she showed past persecution. *E.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004) (applying substantial-evidence standard to question whether IJ erred by finding no past persecution). Although past persecution does not require physical harm, it must amount to extreme conduct. *E.g.*, *id.* at 188 ("mere denigration, harassment, and threats" do not ordinarily amount to persecution); *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017) ("persecution generally requires more than a few isolated incidents of verbal harassment or intimidation") (citation omitted); *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019) ("threats that are exaggerated, non-specific, or lacking in immediacy should not suffice" to find past persecution) (citation omitted). Despite being harassed and propositioned to go on dates with two MS-13 gang members, Santos was neither physically harmed nor threatened with harm. Substantial evidence also supports the BIA's finding that Santos' fear of future persecution was not objectively reasonable. *See Chen*, 470 F.3d at 1135 (outlining burden for well-founded fear of future persecution).

Santos also contends the IJ and BIA erred as a matter of law by failing to consider her age and attendant vulnerability when assessing whether her harms rose to the level of persecution. Respondent correctly asserts Santos failed to exhaust this contention because she failed to raise it before the BIA. *See Abubaker Abushagif v. Garland*, 15 F.4th 323, 333 (5th Cir. 2021). Accordingly, we decline to decide the issue. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023).

Because past persecution or a well-founded fear of future persecution is an essential element of claims for asylum and withholding, Santos has not met the substantial-evidence standard for these claims. *E.g.*, *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Accordingly, our court need not consider her remaining PSG-grounded contentions. *E.g.*, *Munoz-De Zelaya*, 80 F.4th at 694 ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".) (citation omitted).

Santos' contention that the BIA erred by failing to consider all of her evidence is rebutted by the record. "[T]he BIA considered the issues raised, and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted". *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (citation omitted).

Finally, Santos fails to brief her contention, to the extent she makes one, that the denial of asylum violated her due-process rights. Therefore, the claim need not be considered. *E.g.*, *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.").

DENIED.