# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-60021
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2025

Lyle W. Cayce
Clerk

CHRISTIAN URIEL MADRID CATORCE,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A207 021 833

———————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

Christian Uriel Madrid Catorce, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ's) denial, for failure to establish good cause, of his motion for a continuance. He contends the BIA abused its discretion by

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

upholding the IJ's denial of his motion and erred as a matter of law by concluding the denial did not violate his due-process rights.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Whether we have jurisdiction to review the decision of the BIA is reviewed *de novo*, as well as issues concerning constitutional claims and questions of law. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

Our court has held that "the determination of good cause remains within the IJ's discretion, . . . such that it does not involve a reviewable application of a legal standard". *Ikome v. Bondi*, 128 F.4th 684, 690 (5th Cir. 2025) (citation omitted), *application for stay filed* (U.S. 14 May 2025) (No. 24A1107). Accordingly, we lack jurisdiction to consider Catorce's challenge to the BIA's decision upholding the IJ's denial of his continuance motion. *See id.*

Turning to Catorce's contention that the denial of the motion violated his due-process rights, our court has held that "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest". *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019) (quoting *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004)); *see also Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006) ("[D]iscretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection."). His due-process claim therefore lacks merit.

DISMISSED in part for lack of jurisdiction; DENIED in part.