# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60038
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2025

Lyle W. Cayce
Clerk

Samson Oladipo Awolaja,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A204 479 343

———————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Samson Oladipo Awolaja, a native and citizen of Nigeria, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming order of an immigration judge (IJ) denying withholding of removal and relief under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60038

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021). The BIA's determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is a factual finding reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, the petitioner has the burden of showing that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489 (5th Cir. 2015) (internal quotation marks and citation omitted).

Pursuant to 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii). Notwithstanding this provision, § 1252(a)(2)(D) provides that jurisdiction is expressly retained for reviewing courts to address constitutional claims and questions of law, including mixed questions of law and fact. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228, 230 (2020); *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018). But this court cannot review the BIA's pure factual findings or discretionary determinations. *See Patel v. Garland*, 596 U.S. 328, 337-39 (2022). This court reviews de novo the issue whether it has jurisdiction to review the decision of the BIA, as well as issues concerning constitutional claims and questions of law. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

The BIA's determination that Awolaja was ineligible for withholding of removal is a factual finding that includes the subsidiary issue whether an applicant has established a pattern or practice of persecution of members of his particular social group. *See Chen*, 470 F.3d at 1134. To the extent that Awolaja challenges these findings, we lack jurisdiction to review them under § 1252(a)(2)(C). Accordingly, these challenges must be dismissed.

2

No. 25-60038

Awolaja nominally sets forth two legal arguments. Regarding the first argument, the BIA fully and forcefully disagreed with any suggestion that Awolaja should hide his sexual orientation to avoid persecution and torture and specifically cited *Matter of C-G-T-*, 28 I. & N. Dec. 740, 745 (BIA 2023). The second argument is wholly conclusory and as briefed simply amounts to a disagreement with how the BIA weighed the evidence, which fails to present a legal argument for this court's review. *See* 8 U.S.C. § 1252(a)(2)(C), (D). In any event, the BIA "does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (internal quotation marks and citation omitted). The BIA's opinion satisfies that standard.

To obtain CAT relief, Awolaja was required to show that he more likely than not would be tortured if removed to Nigeria. *See Morales-Morales v. Barr*, 933 F.3d 456, 464 (5th Cir. 2019); 8 C.F.R. § 1208.16(c)(2). The BIA did not err in finding that Awolaja could not establish that more likely than not he would be *tortured* because he failed to establish that he more likely than not would be *persecuted* because torture is a more extreme form of abuse. *See Rangel v. Garland*, 100 F.4th 599, 610 (5th Cir. 2024); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Further, Awolaja fails to cite any evidence that he would be singled out for torture. Although Awolaja now argues that the beating he sustained when he was in school qualifies as torture, the Respondent correctly asserts that he failed to exhaust this argument, and we do not consider it. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023). Thus, he is left to rely on country conditions evidence in Nigeria, as well as his testimony about the treatment of bisexual men like himself and that he would not hide his sexual orientation if removed to Nigeria. This evidence

3

does not compel a conclusion that Awolaja more likely than not would be singled out for torture if repatriated to Nigeria. *See Qorane*, 919 F.3d at 911.

Immigration judges must be neutral and must conduct deportation proceedings in accordance with due process standards of fundamental fairness. *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012); *Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009). To establish a due process violation, a petitioner must make an initial showing of substantial prejudice by showing that the violation affected the outcome of the proceedings. *Ogunfuye v. Holder*, 610 F.3d 303, 306-07 (5th Cir. 2010). Awolaja fails to make that showing given the BIA's careful consideration of his claims and the evidence supporting them and its rejection of any suggestion that he self-censor.

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.